UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                                    Criminal No.  11-100 PJS/AJB

    Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

NIEEM KALIF JONES,

    Defendant.

   Laura M. Provinzino, Esq., Assistant United States Attorney, for the plaintiff, United
   States of America;

   Andrea K. George, Esq., Assistant Federal Defender, for the defendant, Nieem Kalif
   Jones.

   This action came on for hearing before the Court, Chief Magistrate Judge Arthur J. Boylan, on April 21, 2011, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  Testimony was presented and exhibits were received at the hearing with regard to suppression of statements and search and seizure evidence.

   Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the magistrate judge makes the following:

**Findings**

   On November 29, 2010, St. Paul Police Officers conducted a buy/bust operation[1] which resulted in the arrest of defendant Nieem Kalif Jones.  A confidential informant (CI) had earlier contacted St. Paul Police Officer Trygve Sand to advise him regarding a person who

---

[1]  A buy/bust is described as an operation in which a CI or cooperating individual arranges a drug or gun transaction, and once the meeting takes place, and the contraband is viewed by the CI, an arrest team converges and both individuals are arrested at the scene.

would provide illegal firearms.  Officer Sand had obtained information from the CI over the previous eight months and had not received inaccurate information.  The CI identified that person as being a school mate named Nieem Jones.  The CI also provided a cell phone number and address for Mr. Jones, and stated that Jones drove a silver Chevy Impala.  Officer Sand confirmed the identification information and obtained a drivers license photo which he showed to the CI to confirm the identity.  The CI provided the information with the expectation that he would be financially compensated.

Officers decided that a buy/bust by the CI would be attempted.  Officer Sand was the lead case officer and an undercover officer (UC) was assigned to handle the CI.  The CI called Nieem Jones at approximately 11:30 a.m. on November 29, 2010, to set up a time and place for a transaction in which the CI was to purchase two guns from Jones for approximately $1,000.  The exchange was to take place at the Wendy's restaurant at the corner of University Ave. and Dale St. in St. Paul.  Following the phone call St. Paul police established stationary and mobile surveillance near the restaurant.  At 12:50 p.m. the CI called Jones again to confirm the meeting.  Jones returned the call and stated that he would be in St. Paul within 20 minutes.  Prior to going to Wendy's, the UC searched the CI for contraband and briefed him as to procedures at another location.  The CI was given a wireless listening device for audio surveillance.  Visual surveillance of the CI was maintained while proceeding to Wendy's.  The CI arrived at the scene at approximately 1:00 p.m. and was positioned at the northwest corner of the restaurant, in view of surveillance officers.  At 1:30 p.m. the CI again called Jones who again advised him that he would arrive in about 20 minutes.  When Jones had not arrived at 2:00 p.m., the CI called him yet again and Jones said that he was now five-to-ten minutes away.

Defendant Jones arrived at Wendy's at 2:23 p.m., driving a silver Chevy Impala. The CI walked to the defendant's vehicle and got into the front passenger seat, and they engaged in a short conversation. Upon getting out of the vehicle the CI gave a covert visual sign to officers as well as giving a predetermined vocal code signal to indicate that a bust could be conducted. Multiple officers promptly converged and arrested Jones and the CI. The defendant was removed from the vehicle and placed in handcuffs. A 9 millimeter Hi-Point Model C handgun, with scratched off serial number, and wrapped in a white towel, was recovered from the defendant's vehicle. A small amount of marijuana was found on the defendant's person in a post-arrest pat down search.

A St. Paul patrol officer transported defendant Jones to the Ramsey County Law Enforcement Center in St. Paul following the arrest. Officer Sand, along with Sergeant Gromek, met with the defendant at the jail to conduct an interview. Upon meeting Mr. Jones, the officers first stated the date, time, and participants in the interview, and further obtained biographical information, including the defendant's address, phone number, employment situation, and education. Audio recording of the interview (Hrg. Ex. 2) commenced when the <u>Miranda</u> advisory was given to the defendant. Jones was read his rights from a pre-printed form (Hrg. Ex. 1). He was advised of the right to remain silent and refuse to answer questions; that statements could be used against him; that he had a right to a lawyer; and that at lawyer could be appointed for him if he could not afford to pay. Mr. Jones initialed each of the rights as it was read to him, and he read back the form statement that the rights had been given and he understood those rights. The document was signed by the defendant and witnessed by Officer Sand. The interview lasted approximately eight minutes, during which time the defendant made statements

and admissions. No promises or threats were made to induce the defendant's cooperation, and he made no request that questioning cease or indication that he desired the assistance of an attorney.

Meanwhile, a post-seizure inventory search of the Chevy Impala was conducted pursuant to police department policy, and suspected drugs were recovered from the vehicle. At approximately 10:00 a.m. on the following morning, November 30, 2010, Officer Sand went to the jail to conduct a second interview with the defendant. He was again given the <u>Miranda</u> warning. The interview was initially recorded for approximately eight-to-ten minutes (Hrg. Ex. 3), during which time the defendant denied knowing about the drugs. Jones then asked that the recorder be turned off, at which time the recording ceased but the interview continued. The defendant made inculpatory statements during the unrecorded portion of the interview. He did not request the assistance of an attorney, that questioning be stopped, or that he be permitted to leave the interview room.

Based upon the foregoing Findings, the magistrate judge makes the following:

## <u>Conclusions</u>

**Interview Statements.** Defendant Nieem Kalif Jones' recorded and unrecorded custodial statements to St. Paul Police Officer Sand, pursuant to interview and questioning at the Ramsey County Law Enforcement Center on November 29, 2010 (Hrg. Ex. 2), and again on November 30, 2010 (Hrg. Ex. 3), were provided voluntarily and were not obtained in violation of the defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to <u>Miranda</u> as accurately presented to him from a written statement of rights form (Hrg. Ex. 1) prior to each interrogation. He was not subjected to

force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel.  Upon considering the totality of circumstances, the court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning.  Suppression of defendant's interview statements is not required.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that defendant Nieem Kalif Jones' Motion to Suppress Statements, Admissions and Answers be **denied** [Docket No. 18].

Dated:   May 9, 2011

    s/Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 24, 2011.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.