UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-CR-0100 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| NIEEM KALIF JONES, | |
| Defendant. | |

---

Laura M. Provinzino, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Nieem Kalif Jones, defendant, pro se.

This matter is before the Court on defendant Nieem Kalif Jones's "Motion for Additional RRC for the Second Chance Act." ECF No. 67. Jones is serving an 84-month sentence at the federal prison camp in Duluth, Minnesota. Jones's sentence will expire on July 6, 2018. ECF No. 67-1 at 2. Jones was informed by the Bureau of Prisons ("BOP") that he will be transferred from prison to home confinement on January 5, 2018—that is, exactly six months before his sentence expires. ECF No. 68 at 2. Jones believes that, under the Second Chance Act,[1] he is entitled to be transferred to home confinement or a residential reentry center ("RRC") when he has served all but ten percent of his sentence—that is, 8.4 months before his sentence expires. *Id.* at 2-3.

---

[1] The Second Chance Act of 2007, Public Law No. 110-199, 122 Stat. 657, effective April 9, 2008, amended 18 U.S.C. § 3624(c).

Convinced that the BOP plans to cheat him out of 2.4 months of non-prison time, Jones filed this motion, asking the Court to order the BOP to "[g]rant Defendant additional time to be served in RRC under the Second Chance Act . . . of up to 1-year." ECF No. 67 at ¶ 1. Jones asks, "in the alternative," that the Court order the BOP to "re-evaluate defendant for additional time to be served in the RRC for the second chance act." *Id.* at ¶¶ 1-2. Jones's motion challenges the execution of his sentence rather than its validity, and thus the Court treats Jones's motion as a habeas action under 28 U.S.C. § 2241. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). As this Court has explained:

> The administrative remedy procedure at the BOP is a three-tiered process. *See* 28 C.F.R. § 542.13-542.15. The first stage is an informal resolution where the prisoner presents his or her claims to the staff, and if unsuccessful, then files a formal grievance with the Warden. § 542.13-14. An inmate that is still dissatisfied may submit an appeal to the Regional Director. § 542.15. Finally, if the inmate is still dissatisfied, the inmate can appeal to the General Counsel on a form designed for Central Office Appeals. *Id.* An inmate's administrative remedies have been exhausted when the inmate either: (1) receives a response from the Central Office or (2) the Central Office exceeds its time to reply, including any extensions for reply that have been granted. §§ 542.15, 542.18.

*Crawford v. Nicklin*, No. 13-CV-2462 (JRT/SER), 2014 WL 538699, at *3 (D. Minn. Feb. 11, 2014).

There is no evidence that Jones has done any of this—that is, no evidence that he presented his claim to staff, no evidence that he filed a formal grievance with his warden, no evidence that he appealed to the Regional Director, and no evidence that he appealed to the Central Office. Because Jones has failed to exhaust his administrative remedies, his habeas action must be dismissed without prejudice.

If Jones exhausts his administrative remedies—and if the BOP does not give him the relief that he seeks—then Jones may attempt to challenge the BOP's decision by filing another action under 28 U.S.C. § 2241. Jones is, however, cautioned about two things. First, Jones relies on § 3624(c), but § 3624(c)(4) is clear that "[n]othing in [§ 3624(c)] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." And second, a court will not overturn a decision of the BOP under § 3621 about where Jones should serve his sentence as long as the BOP gives individualized consideration to each of the factors identified in § 3621(b) and acts in good faith.[2]

---

[2]*See Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) (". . . Miller and Lauer also appear to challenge the manner in which the warden disposed of their particular requests for immediate transfer to an RRC. The inmates have not established, however, that the warden failed to consider the relevant statutory factors in denying their requests. . . . We see no evidence that the warden acted other than in good faith when he concluded that immediate RRC placement was not appropriate."); *Fegans v. United*

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant Nieem Kalif Jones's "motion for additional RRC for the Second Chance Act" [ECF No. 67]—which this Court construes as a habeas petition under 28 U.S.C. § 2241—is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 20, 2017

 s/Patrick J. Schiltz
 Patrick J. Schiltz
 United States District Judge

---

*States*, 506 F.3d 1101, 1103 (8th Cir. 2007) ("[§ 3621] 'provides the BOP with broad discretion to choose the location of an inmate's imprisonment,' so long as the factors enumerated in the statute are considered" (quoting *Fults v. Sanders*, 442 F.3d 1088, 1090-91 (8th Cir.2006)).